IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHERI SHAFFER,<br>    Plaintiff,<br><br>    v.<br><br>CHARLES GALLUB,<br>    Defendant. | CIVIL NO. 11-6182(NLH)(AMD)<br><br>**MEMORANDUM<br>OPINION & ORDER** |

**APPEARANCES:**

MARK S. KANCHER
THE KANCHER LAW FIRM, LLC
GROVE PROFESSIONAL CENTER
100 GROVE STREET
HADDONFIELD, NJ 08033

    On behalf of plaintiff

ROBERT N. AGRE
THE LAW OFFICES OF ROBERT N. AGRE
4 KINGS HIGHWAY EAST
HADDONFIELD, NJ 08033

    On behalf of defendant

**HILLMAN**, **District Judge**

    Presently before the Court is the motion of defendant, Charles Gallub, to dismiss the complaint filed against him by plaintiff, Sheri Shaffer, for lack of subject matter jurisdiction;[1] and

    Plaintiff claiming that defendant has failed to pay on an agreement in which defendant agreed to make child support payments to plaintiff on behalf of plaintiff's ex-husband in the event that

---

    [1] Also pending is plaintiff's cross-motion for jurisdictional discovery. Because the Court will deny without prejudice defendant's motion, and order defendant to submit a supplemental filing, the Court will also deny without prejudice plaintiff's motion.

plaintiff's ex-husband failed to make those payments himself; and

Plaintiff claiming that jurisdiction over her action against defendant exists pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties - plaintiff is a citizen of New Jersey and defendant is a citizen of Pennsylvania - and the amount in controversy exceeds $75,000; but

Defendant contending that diversity of citizenship does not exist because he is citizen of New Jersey, not Pennsylvania; and

Defendant having provided the Court with a lease and various bills with the address of 701 Bayshore Avenue, Brigantine, New Jersey, which he claims demonstrate that he is a citizen of New Jersey; but

Plaintiff having provided the Court with numerous other documents that plaintiff claims demonstrate that defendant is a citizen of Pennsylvania, including ownership of a home in Lower Merion Township, Pennsylvania, and the address of 7 Christian Street, Philadelphia, Pennsylvania on the agreement at issue in the case; and

Plaintiff also pointing out that defendant did not file a certification in support of his motion to dismiss for lack of subject matter jurisdiction to certify his state of citizenship;[2]

---

[2] In response to plaintiff's observation that defendant did not file a certification to attest to his citizenship, defendant produced a copy of the verified complaint he filed in the underlying state family court matter wherein he sought intervention to disclaim his agreement to be responsible for any child support payments to plaintiff on behalf of her ex-husband.

and

The Court noting that prior to addressing any other issues raised by the parties' motions,[3] this Court has an independent obligation to address issues of subject matter jurisdiction, see Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'") (citing Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n., 554 F.2d 1254, 1256 (3d Cir. 1977)); and

The Court further noting that the Third Circuit has set forth the standard for determining the citizenship of a party:

> The party asserting diversity jurisdiction bears the burden of proof. A party generally meets this burden by proving diversity of citizenship by a preponderance of the evidence.
>
> Citizenship is synonymous with domicile, and "the domicile of an individual is his true, fixed and

---

Defendant contends that this verified complaint satisfies the request for a certification as to defendant's citizenship because it contains a sworn statement that he "resides" at 701 Bayshore Avenue, Brigantine, New Jersey. As explained herein, the averment that a party "resides" at an address is insufficient to establish that person's citizenship.

[3]Defendant has also moved to dismiss plaintiff's complaint on the basis of the "domestic relations exception" to federal diversity jurisdiction, see Ankenbrant v. Richards, 504 U.S. 689 (1992), and the Younger abstention doctrine, see Younger v. Harris, 401 U.S. 37 (1971). The Court must first determine whether subject matter jurisdiction exists prior to addressing whether any exceptions to this Court's exercise of that jurisdiction are applicable.

>    permanent home and place of habitation.  It is the place to which, whenever he is absent, he has the intention of returning."  In determining an individual's domicile, a court considers several factors, including "declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business."  Other factors to be considered may include location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration.
>
>    An individual can change domicile instantly.  To do so, two things are required: "[h]e must take up residence at the new domicile, and he must intend to remain there."  But "[a] domicile once acquired is presumed to continue until it is shown to have been changed."  This principle gives rise to a presumption favoring an established domicile over a new one.

McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286-87 (3d Cir. 2006) (internal citations omitted); and

   The Court finding that plaintiff has submitted substantive evidence to suggest that she may meet her burden of proving defendant's Pennsylvania citizenship by a preponderance of the evidence; but

   The Court also finding that defendant has provided evidence that could establish that he is actually domiciled in New Jersey; however,

   The Court finding that a certification by defendant attesting to his claimed state of citizenship would assist the Court's determination as to whether diversity jurisdiction exists, see Tanzymore v. Bethlehem Steel Corp., 457 F.2d 1320, 1323 (3d Cir. 1972) ("Since 1875, . . . when a question of federal jurisdiction is raised either by a party as here, or by the court on its own

4

motion, the court may inquire, by affidavits or otherwise, into the facts as they exist."); see also Guerrino v. Ohio Cas. Ins. Co., 423 F.2d 419, 421 (3d Cir. 1970) ("The individual plaintiffs are described as residents, not as 'citizens.' Allegations of citizenship are required to meet the jurisdictional requirement.") (citing Wolfe v. Hartford Life & Annuity Ins. Co., 148 U.S. 389, 389 (1893) (explaining that where the complaint avers that the plaintiff "'ever since has been, and still is, a resident of the city, county, and state of New York,' but his citizenship is nowhere disclosed by the record," "[i]t is essential, in cases where the jurisdiction depends upon the citizenship of the parties, that such citizenship, or the facts which in legal intendment constitute it, should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record.  It is not sufficient that jurisdiction may be inferred argumentatively from the averments"));

    Therefore,

    IT IS HEREBY on this ___18th_____ day of_ September _, 2012

    ORDERED that defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction [5], and plaintiff's cross-motion for jurisdictional discovery [8], are both DENIED WITHOUT PREJUDICE; and it is further

    ORDERED that, within 20 days of the date of this Order, defendant shall file a certification, in compliance with 28 U.S.C. § 1746, and addressing the factors described in McCann v. Newman

<u>Irrevocable Trust</u>, 458 F.3d 281, 286-87 (3d Cir. 2006), attesting to his state of citizenship; and it is further

ORDERED that after the Court reviews defendant's certification, the Court will issue an Order informing the parties of its findings and providing further direction, if needed.


|  |  |
|---|---|
| At Camden, New Jersey | <u>  s/ Noel L. Hillman  </u><br>NOEL L. HILLMAN, U.S.D.J. |