```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| SHERI SHAFFER,<br>    Plaintiff,<br><br>    v.<br><br>CHARLES GALLUB,<br>    Defendant. | CIVIL NO. 11-6182(NLH)(AMD)<br><br>**MEMORANDUM<br>OPINION & ORDER** |

**APPEARANCES:**

MARK S. KANCHER
OTHE KANCHER LAW FIRM, LLC
GROVE PROFESSIONAL CENTER
100 GROVE STREET
HADDONFIELD, NJ 08033

    On behalf of plaintiff

ROBERT N. AGRE
THE LAW OFFICES OF ROBERT N. AGRE
4 KINGS HIGHWAY EAST
HADDONFIELD, NJ 08033

    On behalf of defendant

**HILLMAN, District Judge**

    WHEREAS, this Court having ordered defendant to file a certification attesting to his state of citizenship so that the Court could determine whether diversity of citizenship exits between the parties to support jurisdiction over plaintiff's action pursuant to 28 U.S.C. § 1332 (see Docket No. 11); and

    Defendant having filed his certification, wherein he supports his contention that he is a citizen of the state of New Jersey, which is also plaintiff's state of citizenship, by attaching numerous documents; and

Plaintiff now renewing her request for limited jurisdictional discovery to challenge defendant's attestations of New Jersey citizenship; and

The Court having reviewed defendant's submission; and

The Court finding that even though defendant rents a home in Brigantine, New Jersey and maintains a New Jersey driver's licence, most documents he provides to support his New Jersey citizenship reflect his Bellmawr, New Jersey business address, including the address on his driver's licence, car registration, car insurance, cellular phone, credit card statements, bank account, health insurance, and income tax returns;[1] and

The Court further finding that even though defendant contends that his ownership of a home in Lower Merion Township, Pennsylvania, was an investment property where his girlfriend and her children reside, and in which he no longer has an interest, plaintiff had previously provided other evidence in support of defendant's Pennsylvania citizenship; and

The Court further finding that defendant claims that "he is

---

[1] Even though it is clear that defendant is not domiciled at his business address, and that a business address, by itself, would be insufficient to establish citizenship, defendant's rental home in New Jersey, along with numerous personal and governmental documents reflecting a New Jersey location, may be sufficient to show "his true, fixed and permanent home and place of habitation, . . . the place to which, whenever he is absent, he has the intention of returning." McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286-87 (3d Cir. 2006). The Court, however, will make no finding on this issue until after plaintiff has had the opportunity to respond to defendant's certification, and if necessary after any jurisdictional discovery.

2

not currently registered to vote," but defendant does not certify whether and where he has voted in the past; but

The Court declining to grant plaintiff's renewed request for jurisdictional discovery at this time because it is unclear what other information plaintiff believes she will uncover to assist in the establishment of defendant's citizenship, see <u>Eurofins Pharma US Holdings v. BioAlliance Pharma SA</u>, 623 F.3d 147, 157 (3d Cir. 2010) ("A plaintiff may not, however, undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery."); but

The Court directing defendant to file a supplemental certification attesting to: (1) whether he has been registered to vote in the past 10 years, and if so, (2) in what state and at what time, and (3) whether and when he voted during that time period; and; and

The Court directing defendant to file a supplemental certification attesting to: (1) whether he or his business maintains an EZ-Pass account, and if so, (2) a full statement of such account or accounts for the past 12 months; and

The Court allowing plaintiff the opportunity to respond to both of defendant's certifications;[2]

---

[2]The Court notes that since the filing of plaintiff's case, which concerns plaintiff's claims that defendant has failed to pay on an agreement in which defendant agreed to make child support payments to plaintiff on behalf of plaintiff's ex-husband in the event that plaintiff's ex-husband failed to make those payments himself, defendant has filed a case in New Jersey

3

Accordingly,

IT IS HEREBY on this  28th   day of December  , 2012

ORDERED that within 14 days of the date of this Order, defendant shall file a supplemental certification attesting to his voting registration and record, and his EZ-Pass records, if any exist, as directed above; and it is further

ORDERED that plaintiff may file a response to both of defendant's certifications within 14 days after defendant has filed his supplemental certifications; and it is further

ORDERED that after the Court reviews the parties' supplemental submissions, the Court will issue an Order informing the parties of its findings or direct such further relief or discovery deemed appropriate.

At Camden, New Jersey

 s/ Noel L. Hillman  
NOEL L. HILLMAN, U.S.D.J.

---

Superior Court, Chancery Division, seeking to be equitably relieved from that agreement.  Defendant is also appealing the Family Court's denial of his application to intervene in the action between plaintiff and her former husband so that the validity of the agreement could be contested in that forum. Although the Court is granting plaintiff leave to respond to defendant's certification and ordering additional disclosures, even if diversity of citizenship is established it is questionable whether this case belongs in this Court when considering the domestic relations exception doctrine and Younger and Colorado River abstention doctrines.  The Court will consider an dismissal based on abstention doctrines only after establishing this Court's subject matter jurisdiction.